People v Hibinski (2024 NY Slip Op 05464)

People v Hibinski

2024 NY Slip Op 05464

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-09831

[*1]People of State of New York, respondent,
v
Michelle Hibinski, appellant. 

Twyla Carter, New York, NY (Robin Richardson of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and James Joseph Gandia of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Marina Cora Mundy, J.), dated September 19, 2022, which, after a hearing, designated her a level one sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On September 8, 1999, the defendant pleaded guilty to two counts of sexual battery in San Bernardino County, California (Cal Penal Code § 243.4[a]), misdemeanors for which she was required to register as a sex offender (see id. § 290[b], [c][1]). The defendant relocated to New Jersey in 2010 and registered in that state as a sex offender.
Upon the defendant's relocation to New York in 2022, the Board of Examiners of Sex Offenders (hereinafter the Board) determined that she was required to register as a sex offender in New York pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]; see id. § 168-k[1], [2]). The Board prepared a risk assessment instrument in which it assessed the defendant 85 points, resulting in a presumptive level two classification.
At the SORA hearing, neither the defendant nor the People challenged the Board's assessment of points. The defendant sought a downward departure from the presumptive risk level based upon certain mitigating factors and the People sought an upward departure based upon certain aggravating factors. The Supreme Court assessed the defendant 85 points on the risk assessment instrument, granted the defendant's application for a downward departure from the presumptive risk level of two, and designated the defendant a level one sex offender. The defendant requested, in effect, that the court direct that her registration as a sex offender in New York commence nunc pro tunc to the date she registered as a sex offender in California. The court denied the defendant's request. The defendant appeals, and we affirm.
The defendant's contention that the Supreme Court erred when it denied her request, in effect, that her registration as a sex offender in New York commence nunc pro tunc to the date she registered as a sex offender in California is without merit (see People of State of New York v Corr, _____ NY3d _____, 2024 NY Slip Op 03379, affg People v Corr, 208 AD3d 136 and People v McDonald, 207 AD3d 669). The defendant's further contention that the court's denial of her request violated the Equal Protection Clauses of the United States and New York Constitutions and [*2]the Full Faith and Credit Clause of the United States Constitution is also without merit (see People v Corr, 208 AD3d at 140; People v McDonald, 207 AD3d at 669).
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court